## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| LAMONT WILLIAMSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15-CV-220-ACL |
| | ) |
| CORIZON, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] and certified inmate account statement [Doc. 8]. The Court will grant the motion and assess an initial partial filing fee of $1.70, which is twenty percent of plaintiff's average six-month deposit. In addition, the Court will deny, without prejudice, plaintiff's motion for appointment of counsel [Doc. 3]. Because it is unclear if plaintiff exhausted his prison remedies prior to filing this action,[1] and it also unclear what plaintiff's claims are as to each of the

---

[1] Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust

named defendants, the Court will instruct him to file an amended complaint on a Court-provided form, as set forth below.

All claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's claims. **As such, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, supplements, and attachments thereto, and therefore, he must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered.** *Id.* **Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this Court reviews.** *Id.* **If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. Plaintiff should not attach any exhibits to the amended complaint; all claims should be clearly set forth in the "Statement of Claim."**

---

their prison remedies *prior to filing a complaint in Federal Court.*

In addition, in the "Caption" of the amended complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated and the capacity in which the defendant is being sued. Plaintiff shall proceed in this manner with each of the named defendants, *separately* setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated. The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim"; however, as previously stated, plaintiff shall not attach any exhibits to the pleading. Plaintiff shall sign the amended complaint.

Plaintiff is reminded that he is required to submit his amended complaint on a Court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's failure to make specific and actionable allegations

against any of defendant(s) will result in that individual's dismissal from this case.[2] If plaintiff fails to comply with the Court's instructions, this action will be dismissed without prejudice and without further notice.

Last, the Court will deny, without prejudice, plaintiff's motion for appointment of counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.* After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex, and it appears from the complaint that plaintiff is able to present his claims. Consequently, the motion will be denied, without prejudice to filing a request for counsel at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED.**

---

[2]The Court will review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed in this lawsuit.

4

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.70 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's second motion for leave to proceed in forma pauperis [Doc. 9] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, plaintiff shall file an amended complaint on a Court-provided form, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that the Clerk shall mail plaintiff a copy of the Court's form "Motion to Proceed in Forma Pauperis - Prisoner Cases" and a form prisoner complaint for filing a civil rights action.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 3] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 16th day of June, 2016.

_Abbi Crites-Leoni_

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE