# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAMONT WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV220 ACL |
| | ) | |
| CORIZON, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On September 22, 2016, this Court ordered plaintiff to show cause why this action should not be dismissed due to his failure to comply with previous Court orders to pay the initial partial filing fee. On October 3, 2016, plaintiff submitted a response. This Court will grant plaintiff an additional thirty days to pay the initial partial filing fee, and will also dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable

1

right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), <u>aff'd</u> 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

**Procedural History**

Plaintiff filed his original complaint in this Court on November 30, 2015. On that same date, plaintiff filed a motion for leave to proceed in forma pauperis. On December 7, 2015, The Court noted that plaintiff had failed to submit the financial information required by 18 U.S.C. § 1915(a)(2), and ordered him to submit it within thirty days. On December 31, 2015, plaintiff submitted a response explaining problems he was experiencing obtaining the financial information,[1] and the Court granted him an extension of time to March 1, 2016. (Doc. 7). On

---

[1] Also on December 31, 2015, plaintiff submitted a document purporting to serve the complaint upon defendants, and threatening them with default judgment if they failed to file an answer. (Docket No. 6).

March 3, 2016, plaintiff submitted the required information, and the Court granted his motion for leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee of $1.70. The Court also noted that the complaint failed to indicate that plaintiff had exhausted his prison administrative remedies and failed to make specific and actionable allegations against each named defendant, and ordered him to file an amended complaint. In that Order, the Court specifically instructed plaintiff that the amended complaint must contain a short and plain statement showing he was entitled to relief. Plaintiff sought and was granted additional time to comply with that Order.

On August 19, 2016, plaintiff filed an amended complaint, but did not pay the initial partial filing fee. The Court ordered him to show cause why his case should not be dismissed due to his failure to do so, and on October 3, 2016, plaintiff submitted a response written in a threatening tone. (Docket No. 18). In that response, plaintiff wrote that he had "responded to this inferior Court each time," accused the Court of intentionally delaying his case, and accused the presiding judge of engaging in various forms of deceitful and wrongful behavior, including having inappropriate relationships with people at the prison. Plaintiff made other disparaging remarks about the judge, and stated that he was going to "spread the word about" her. (*Id*. at p. 1-2, 4, 6). Regarding his non-payment of the filing fee, plaintiff wrote that it was the state's fault, and then wrote: "Got it??!" (*Id.* at 5).

**The Amended Complaint**

The amended complaint is very long and vociferous. It is comprised of little more than profanity and graphic language. For example, in describing having received "unconstitutional clothing," plaintiff wrote: "They got me f**k-up for bi**h or a soft a** mother***ker to think

I'm a that s**t . . . these bi**hs need to die or get they ass wumped for real!!" (Docket No. 16 at 31). The amended complaint also referred to one of the individual defendants as a bi**h and crazy, and described her as: "overweight, tall, no eyebrows, 'spooky wide eye,' med late 50 aged, female: she looks and comes off to all who meet her as 'someone out of a supsence [*sic*] book (villainous character) has a complex with authority and relationships as it comes to my full knowledge and awareness that I am the only (male) inmate she (fixationally) [*sic*] had a fixation on" . . . she has 'stalker' written all over her." (*Id.* at 38).

## Discussion

Plaintiff is before the Court in forma pauperis, meaning the Court has a duty to dismiss the case at any time if the court determines that fails to state a claim upon which relief can be granted, is frivolous, or malicious. 28 U.S.C. § 1915(e)(2). Upon consideration, the Court determines that the amended complaint is subject to dismissal because it fails to state a claim upon which relief can be granted, and also because it is malicious.

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Corizon can be held liable in a lawsuit such as this only for its unconstitutional policies or practices. It cannot be held liable for the actions of its employees under a theory that employers are responsible for the actions of their employees. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). In other words, Corizon is liable here only if it had a "policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Here, because the amended complaint fails to allege that Corizon had a policy, custom, or official action that inflicted an actionable injury, it fails to state a claim

4

against Corizon. Regarding the individual defendants, the amended complaint contains little more than legal conclusions, it often refers to the defendants collectively, and it fails to convey a short and plain statement showing a plausible claim for relief. It therefore fails to state a claim for relief against the individual defendants.

The amended complaint is also subject to dismissal because it is malicious. A court may determine that an action or allegation is malicious by considering the "totality of the writing" including objective factors such as the circumstances and history surrounding the complaint, the tone of the allegations, and whether the complaint alleges facts which are probative and vital to the life of the lawsuit. *Spencer*, 656 F. Supp. at 463; *see also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not look only to the complaint itself, but may also look to plaintiff's other litigious conduct). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Id.* at 461-63. Abuse of the judicial process is another ground upon which an action can be determined to be malicious. *Ballentine v. Crawford*, 563 F. Supp. 627, 628-29 (N.D. Ind. 1983).

Plaintiff's conduct before this Court mandates a finding of maliciousness in this action. Despite the fact that plaintiff was given leave to amend his complaint to convey a short and plain statement of the facts surrounding his claim, he chose instead to file a profanity-riddled diatribe that was obviously intended to shock and offend the Court and personally disparage the defendants. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (finding that disrespectful or abusive language warrants a finding that an action is malicious). Among the relief plaintiff seeks is "$100 million as compensatory damages," "$5,000,000 as punitive damages," and criminal

5

charges against the defendants. (Docket No. 16 at 49). A reading of the amended complaint, along with plaintiff's other filings in this case, make it clear that plaintiff is not trying to vindicate a constitutional right, but is instead trying to harass the defendants and the Court. Assisting him in doing so would fly in the face of justice. *Spencer*, 656 F. Supp. at 463. As a result, the Court finds that this action is malicious, and will dismiss this case for that reason, as well. 28 U.S.C. § 1915(e)(2)(B); *Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right).

Therefore, for all of the foregoing reasons,

**IS HEREBY ORDERED** that plaintiff shall have thirty (30) days from the date of this Memorandum and Order in which to submit his initial partial filing fee of $1.70. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the amended complaint because it fails to state a claim upon which relief can be granted and is malicious. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's case and all of his causes of action against all defendants are hereby **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of October, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE